**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHLEY HALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-03197-RLW |
| | ) | |
| CITY OF LADUE, MISSOURI, | ) | |
| JULIA CREWS, Individually and in her | ) | |
| official capacity, and KEN ANDRESKI, | ) | |
| Individually, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT AND SEPARATE ANSWER OF DEFENDANTS CITY OF LADUE AND KEN ANDRESKI, INDIVIDUALLY, TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants City of Ladue, Missouri and Ken Andreski, individually, (hereinafter "Defendants"), by and through counsel, for their Joint and Separate Answer to Plaintiff's First Amended Complaint state:

**NATURE OF ACTION**

Defendants admit that the Plaintiff filed this action as a civil rights action under 42 U.S.C. §1983 and  further admit that Defendant Ken Andreski has been sued in his individual capacity as Chief of Police as alleged in the Nature of the Action, but Defendants deny the remaining allegations and legal conclusions in the Nature of the Action and deny liability to the Plaintiff for any claim in the Complaint.

1.     Defendants admit the allegations in Paragraph 1.

2.     Defendants deny the allegations and legal conclusions in Paragraph 2.

3.     Defendants state that the allegations in Paragraph 3 are against a separate

Defendant requiring no response from these Defendants; however, should any

allegation in Paragraph 3 be construed against these Defendants in any manner, then all such allegations are denied.

4.     Defendants state that the allegations in Paragraph 4 are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraph 4 be construed against these Defendants in any manner, then all such allegations are denied.

5.     Defendants admit the allegations in Paragraph 5, and affirmatively state that Defendants deny any liability to the Plaintiff for any claim alleged against these Defendants in the Complaint.

6.     Defendants deny the allegations and legal conclusions in Paragraph 6.

7.     Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 6 as though fully set forth herein in response to Paragraph 7.

8.     Defendants deny the allegations and legal conclusions in Paragraph 8.

9.     Defendants deny the allegations and legal conclusions in Paragraph 9.

10.    Defendants deny the allegations and legal conclusions in Paragraph 10.

11.    Defendants deny the allegations and legal conclusions in Paragraph 11.

12.    Defendants admit that Plaintiff has requested a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) in Paragraph 12 and Defendants join in Plaintiff's request and request the Court for a trial by jury on all issues in the Complaint triable to a jury.

13.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 12 as though fully set forth herein in response to Paragraph 13.

14.    Defendants admit the allegations in Paragraph 14.

15.    Defendants deny the allegations as phrased in Paragraph 15.

16.    Defendants deny the allegations in Paragraph 16.

17.    Defendants deny the allegations in Paragraph 17.

18.    Defendants deny the allegations in Paragraph 18.

19.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 19, and therefore, the allegations in Paragraph 19 are denied.

20.    Defendants deny the allegations in Paragraph 20 as phrased.

21.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 21, and therefore, the allegations in Paragraph 21 are denied.

22.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 22, and therefore, the allegations in Paragraph 22 are denied.

23.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 23, and therefore, the allegations in Paragraph 23 are denied.

24.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 24, and therefore, the allegations in Paragraph 24 are denied.

25.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 25, and therefore, the allegations in Paragraph 25 are denied.

26.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 26, and therefore, the allegations in Paragraph 26 are denied.

27.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 27, and therefore, the allegations in Paragraph 27 are denied.

28.     Defendants admit that Defendant Crews requested an ambulance to respond to the scene as alleged in Paragraph 28, but Defendants are without sufficient information or belief to admit or deny the remaining allegations in Paragraph 28, and therefore, the remaining allegations in Paragraph 28 are denied.

29.     Defendants admit that Ladue Police Department Police Officer Thomas Norman arrived on the scene as alleged in Paragraph 29, but Defendants are without sufficient information or belief to admit or deny the remaining allegations in Paragraph 29, and therefore, the remaining allegations in Paragraph 29 are denied.

30.     Defendants admit that P.O. Norman requested the Plaintiff to sit on the curb, but Defendants deny the allegations as phrased in Paragraph 30.

31.     Defendants admit that the Plaintiff followed Norman's request and sat on the curb for a period of time, but Defendants deny the allegations as phrased in Paragraph 31.

32.     Defendants admit that paramedics from the Ladue Fire Department arrived on the scene as alleged in Paragraph 32, but Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants admit the allegations in Paragraph 34.

35.     Defendants deny the allegations as phrased in Paragraph 35.

36.     Defendants admit that P.O. Norman left the area in order to assist another officer at Schnucks as alleged in Paragraph 36, but Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 38, and therefore, the allegations in Paragraph 38 are denied.

39.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 39, and therefore, the allegations in Paragraph 39 are denied.

40.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 40, and therefore, the allegations in Paragraph 40 are denied.

41.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 41, and therefore, the allegations in Paragraph 41 are denied.

42.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 42, and therefore, the allegations in Paragraph 42 are denied.

43.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 43, and therefore, the allegations in Paragraph 43 are denied.

44.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 44, and therefore, the allegations in Paragraph 44 are denied.

45.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 45, and therefore, the allegations in Paragraph 45 are denied.

46.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 46, and therefore, the allegations in Paragraph 46 are denied.

47.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 47, and therefore, the allegations in Paragraph 47 are denied.

48.     Defendants deny the allegations and legal conclusions in Paragraph 48.

49.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 49, and therefore, the allegations in Paragraph 49 are denied.

50.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 50, and therefore, the allegations in Paragraph 50 are denied.

51.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 51, and therefore, the allegations in Paragraph 51 are denied.

52.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 52, and therefore, the allegations in Paragraph 52 are denied.

53.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 53, and therefore, the allegations in Paragraph 53 are denied.

54.     Defendants admit the allegations in Paragraph 54.

55.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 55, and therefore, the allegations in Paragraph 55 are denied.

56.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 56, and therefore, the allegations in Paragraph 56 are denied.

57.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 57, and therefore, the allegations in Paragraph 57 are denied.

58.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 58, and therefore, the allegations in Paragraph 58 are denied.

59.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 59, and therefore, the allegations in Paragraph 59 are denied.

60.     Defendants state that the allegations in Paragraph 60, including the allegations in Paragraphs 60(a) through 60(f) are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraph 60, including any allegation in Paragraphs 60(a) through 60(f), be construed in any manner against these Defendants, then all such allegations are denied.

61.     Defendants admit that the Ladue Police Department has had training focusing on creating muscle memory in drawing and deploying a taser and that included drills which require a police officer to transition from their taser to a firearm, as well as other taser and firearm training, but Defendants deny the allegations as phrased in Paragraph 61.

62.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 62, and therefore, the allegations in Paragraph 62 are denied.

63.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 63, and therefore, the allegations in Paragraph 63 are denied.

64.     Defendants admit that the Ladue Police Department has a policy that all officers undergo annual taser training as alleged in Paragraph 64, but Defendants deny the remaining allegations and legal conclusions in Paragraph 64.

65.     Defendants deny the allegations as phrased in Paragraph 65 and affirmatively state that Defendant P.O. Crews during her thirteen (13) years at the Ladue Police Department had taser X26 training in addition to the training admitted by the Defendants as alleged in Paragraphs 65(a) through 65(m), and Defendants offer the following responses to Paragraphs 65(a) through 65(m):

65(a).     Defendants admit on May 18, 2006 certified instructor Steve Nunn trained Defendant P.O. Crews and that on the Certificate of Training the certified instructor ID reads as alleged in Paragraph 65(a), but Defendants deny the remaining allegations in Paragraph 65(a);

65(b).     Defendants admit on March 13, 2007 certified instructor Steve Nunn trained Defendant P.O. Crews and that on the Certificate of Training the certified instructor ID reads as alleged in Paragraph 65(b), but Defendants deny the remaining allegations in Paragraph 65(b);

65(c).     Defendants deny the allegations in Paragraph 65(c);

65(d).     Defendants admit the allegations in Paragraph 65(d);

65(e).     Defendants admit the allegations in Paragraph 65(e);

65(f).     Defendants admit the allegations in Paragraph 65(f);

65(g).     Defendants admit the allegations in Paragraph 65(g);

65(h).     Defendants admit the allegations in Paragraph 65(h);

65(i).     Defendants admit the allegations in Paragraph 65(i);

65(j).     Defendants admit on November 18, 2015, P.O. Norman trained Defendant P.O. Crews, but Defendants deny the allegations as phrased in Paragraph 65(j);

65(k).     Defendants admit on April 30, 2016, P.O. Norman trained Defendant P.O. Crews, but Defendants deny the allegations as phrased in Paragraph 65(k);

65(l).     Defendants admit on March 8, 2017, P.O. Norman trained Defendant P.O. Crews, but Defendants deny the allegations as phrased in Paragraph 65(l);

65(m).     Defendants admit on May 2, 2018, P.O. James Gehm trained Defendant P.O. Crews as alleged in Paragraph 65(m), but Defendants deny the remaining allegations in Paragraph 65(m).

66.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 66, and therefore, the allegations in Paragraph 66 are denied.

67.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 67, and therefore, the allegations in Paragraph 67 are denied.

68.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 68, and therefore, the allegations in Paragraph 68 are denied.

69.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 69, and therefore, the allegations in Paragraph 69 are denied.

70.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 70, including the allegations in Paragraphs 70(a) through 70(e), and therefore, the allegations in Paragraph 70 and Paragraphs 70(a) through 70(e) are denied.

71.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 71, and therefore, the allegations in Paragraph 71 are denied.

72.     Defendants deny the allegations and legal conclusions in Paragraph 72.

73.     Defendants deny the allegations and legal conclusions in Paragraph 73.

74.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 74, and therefore, the allegations in Paragraph 74 are denied.

75.     Defendants admit that Plaintiff was transported to Mercy Hospital as alleged in Paragraph 75, but Defendants are without sufficient information or belief to admit or deny the remaining allegations in Paragraph 75, and therefore, the remaining allegations in Paragraph 75 are denied.

76.     Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 76, including the allegations in Paragraphs 76(a) through 76(u), and therefore, the allegations in Paragraph 76 and Paragraphs 76(a) through 76(u) are denied.

77.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 77, and therefore, the allegations in Paragraph 77 are denied.

78.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 78, and therefore, the allegations in Paragraph 78 are denied.

79.    Defendants are without sufficient information or belief to admit or deny the allegations in Paragraph 79, and therefore, the allegations in Paragraph 79 are denied.

80.    Defendants are without sufficient information or belief to admit or deny the allegations and legal conclusions in Paragraph 80, and therefore, the allegations and legal conclusions in Paragraph 80 are denied.

81.    Defendants deny the allegations and legal conclusions in Paragraph 81.

82.    Defendants deny the allegations and legal conclusions in Paragraph 82.

83.    Defendants deny the allegations and legal conclusions in Paragraph 83.

84.    Defendants deny the allegations and legal conclusions in Paragraph 84.

85.    Defendants deny the allegations and legal conclusions in Paragraph 85.

86.    Defendants deny the allegations and legal conclusions in Paragraph 86.

## <u>COUNT I</u>

87.    Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 86 as though fully set forth herein in response to Paragraph 87.

88.    Defendants deny the allegations and legal conclusions in Paragraph 88.

89.    Defendants state that the allegations in Paragraphs 89, 90, 91, 92, 93, 94, 95, 96, and 97 are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraphs 89, 90, 91, 92, 93, 94, 95, 96, and 97 be construed against these Defendants in any manner, then all such allegations are denied.

90.    Defendants deny the allegations and legal conclusions in Paragraph 98 and the allegations and legal conclusions in Paragraphs 98(a) through 98(e).

91.    Defendants deny the allegations and legal conclusions in Paragraph 99 and the allegations and legal conclusions in Paragraphs 99(a) through 99(m).

92.    Defendants deny the allegations and legal conclusions in Paragraph 100.

93.    Defendants deny the allegations and legal conclusions in Paragraph 101.

94.    Defendants deny the allegations and legal conclusions in Paragraph 102.

95.    Defendants deny the allegations and legal conclusions in Paragraph 103.

96.    Defendants deny the allegations and legal conclusions in Paragraph 104.

97.    Defendants deny the allegations and legal conclusions in Paragraph 105.

98.    Defendants state that the allegations and legal conclusions in Paragraph 106 are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraph 106 be construed against these Defendants in any manner, then all such allegations and legal conclusions are denied.

99.   Defendants deny the allegations and legal conclusions in Paragraph 107.

## **COUNT II**

108.   Defendant reallege and incorporate herein by reference their responses to Paragraphs 1 through 107 as though fully set forth herein in response to Paragraph 108.

109.   Defendants deny the allegations in Paragraph 109 and the allegations in Paragraphs 109(a) through 109(e).

110.   Defendants deny the allegations and legal conclusions in Paragraph 110.

111.   Defendants deny the allegations and legal conclusions in Paragraph 111.

112.   Defendants deny the allegations and legal conclusions in Paragraph 112 and the allegations and legal conclusions in Paragraphs 112(a) through 112(f).

113.   Defendants deny the allegations and legal conclusions in Paragraph 113.

114.   Defendants deny the allegations and legal conclusions in Paragraph 114 and the allegations and legal conclusions in Paragraphs 114(a) through 114(m).

115.   Defendants deny the allegations and legal conclusions in Paragraph 115.

116.   Defendants deny the allegations and legal conclusions in Paragraph 116.

117.   Defendants deny the allegations and legal conclusions in Paragraph 117.

118.   Defendants deny the allegations and legal conclusions in Paragraph 118.

119.   Defendants deny the allegations and legal conclusions in Paragraph 119.

120.   Defendants deny the allegations and legal conclusions in Paragraph 120.

121.   Defendants deny the allegations and legal conclusions in Paragraph 121.

122.   Defendants deny the allegations and legal conclusions in Paragraph 122.

## COUNT III

123.   Defendants reallege their responses to Paragraphs 1 through 122 as though fully set forth herein in response to Paragraph 123.

124.   Defendants state that the allegations in Paragraphs 124 through 128 inclusive are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraphs 124 through 128 inclusive be construed in any manner against these Defendants, then all such allegations are denied.

## COUNT IV

125.   Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 128 as though fully set forth herein in response to Paragraph 129.

126.   Defendants state that the allegations in Paragraphs 130 through 134 inclusive are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraphs 130 through 134 inclusive be construed in any manner against these Defendants, then all such allegations are denied.

## COUNT V

127.   Defendants reallege and incorporate herein by reference their responses to Paragraphs 1 through 134 as though fully set forth herein in response to Paragraph 135.

128.   Defendants state that the allegations in Paragraphs 136 through 140 inclusive are against a separate Defendant requiring no response from these Defendants; however, should any allegation in Paragraphs 136 through 140 inclusive be

construed against these Defendants in any manner, then all such allegations are denied.

129.   Defendants deny all other allegations, statements, and declarations in the First Amended Complaint, including all allegations, statements, declarations and requests for relief under Count I and II, not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

130.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that Plaintiff's claims against these Defendants in the First Amended Complaint fail to state a claim upon which relief may be granted and should be dismissed.

131.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that Plaintiff's constitutional claims against Defendant Ken Andreski in his individual capacity are barred by the doctrine of qualified immunity because his conduct was objectively reasonable, taken in good faith, and did not violate any clearly established rights of the Plaintiff.  Further, all of the alleged acts of Defendant Ken Andreski, in his individual capacity, relating to training, supervision and/or the conduct of Defendant Crews did not deprive Plaintiff of her constitutional rights, and were reasonable under the circumstances giving Defendant Andreski qualified immunity for all such acts.

132.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state if Plaintiff sustained any injuries or damages, which Defendants generally and specifically deny, then such injuries or damages arose out of, and were part of, discretionary acts or omissions involving the

exercise of judgment and the Defendants are therefore immune to any liability or suit for any such injuries or damages, which are generally and specifically denied.

133.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that any claim against Defendant City of Ladue, Missouri for punitive damages fails to state a claim upon which relief may be granted because punitive damages cannot be assessed against Defendant City of Ladue as a public entity under 42 U.S.C. §1983 and § 537.610 RSMo.

134.   Without waiving the general denial herein, and in no way limiting the general denial or any defense asserted herein, Defendants state that any claim for punitive damages against these Defendants in the First Amended Complaint is in violation of the Defendants' right to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and the same or similar guarantees in the Constitution of the State of Missouri including Article I, Sections 2, 10, 21 and 28 and all claims for punitive damages will amount to imposition of a fine or penalty in violation of both the Constitutions and should be dismissed.

135.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that to the extent Plaintiff's constitutional claims under the United States Constitution against the Defendants pursuant to 42 U.S.C. §1983 and the U.S. Constitution are based upon vicarious liability and/or the doctrine of respondeat superior, that those claims fail to state a claim and should be dismissed.

136.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that Plaintiff's claims against the Defendants pursuant to 42 U.S.C. §1983 and the U.S. Constitution based upon the principle of negligence fail to state a claim and should be dismissed.

137.   Without waiving the general denial herein, and subject to the other defenses asserted herein, Defendants state that Plaintiff's claims in Count I and II fail to state claims upon which relief can be granted and should be dismissed because there was no underlying violation of Plaintiff's constitutional rights by any of the individual Defendants.

138.   Without waiving the general denial herein, upon information and belief, Defendants state that if Plaintiff sustained any injuries or damages, all of which are generally and specifically denied, then Plaintiff failed to mitigate her alleged injuries and damages.

139.   Without waiving the general denial herein, upon information and belief, Defendants state that Plaintiff's injuries or damages, all of which are generally and specifically denied, were directly and proximately caused by pre-existing conditions that Defendants had no control over and for which Defendants are not responsible or liable.

140.   Without waiving the general denial herein, Defendants state that if Plaintiff sustained any injuries or damages, which Defendants generally and specifically denies, then any such injuries or damages were proximately and directly caused by the conduct, acts, negligence and/or activity of Plaintiff in that she resisted attempts to take her into custody, resisted arrest, attempted to flee from a police

officer and from arrest, failed to heed lawful requests of a police officer, failed to

heed the requests of a police officer to surrender, and attempted to cause bodily

harm and personal injury to a police officer.

141.   Without waiving the general denial herein, Defendants state that should they

prevail on any of Plaintiff's constitutional claims, Defendants are entitled to their

reasonable costs and attorneys' fees incurred herein pursuant to 42 U.S.C §1988.

142.   Defendants reserve the right to assert additional affirmative and other defenses if

facts are learned in discovery to support additional affirmative and other defenses.

## JURY TRIAL DEMAND

143.   Defendants demand a jury trial on all issues in Plaintiff's First Amended

Complaint triable to a jury.

**WHEREFORE**, Defendants having fully answered Plaintiff's First Amended

Complaint pray the Court enter judgment in favor of each Defendant and against the Plaintiff,

for their costs incurred herein, for their reasonable attorney fees incurred in defending this case

pursuant to 42 U.S.C. §1988, and for such other and further relief as the Court deems just and

proper.

Respectfully submitted,

PAULE, CAMAZINE & BLUMENTHAL, P.C.
*A Professional Corporation*


By:/s/ D. Keith Henson
     D. Keith Henson, #31988
     165 North Meramec Ave., Suite 110
     St. Louis (Clayton), MO  63105-3772
     Telephone:  (314) 727-2266
     Facsimile:  (314) 727-2101
     khenson@pcblawfirm.com
     Attorney for Defendants City of Ladue,
     Missouri and Ken Andreski, in his individual
     capacity

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the attorney whose name appears above signed

the original of this pleading and that true and correct copy of the foregoing was filed with the

Clerk of the Court to be served by the operation of the Court' s electronic filing system and

sent via First Class U.S. Mail this 28th day of January, 2020 to:

William King Holland
John H. Moffitt, III
Holland Injury Law, LLC
130 South Bemiston, Suite 706
Clayton, MO 63105
wholland@whollandinjurylaw.com
jmoffitt@whollandinjurylaw.com

and

Talmage E. Newton, IV
Newton Barth, LLP
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
tnewton@newtonbarth.com

Attorneys for Plaintiff

and

Peter J. Dunne
Robert T. Plunkert
PITZER SNODGRASS, P.C.
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

Attorneys for Defendant Julia Crews, individually

/s/ D. Keith Henson