IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  4:19-cv-03197-RLW |
| ) | |
| CITY OF LADUE, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>PLAINTIFF ASHLEY HALL'S SURREPLY TO DEFENDANT JULIA CREWS' REPLY IN SUPPORT OF HER MOTION TO DISMISS</u>**

COMES NOW Plaintiff and for her Surreply to Defendant's Reply in Support of her Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 28), states as follows:

### INTRODUCTION

Defendant contends that (a) Plaintiff's has failed to establish that a "seizure" occurred and (b) Plaintiff has not alleged a violation of "clearly established" law.

As explained herein, multiple Circuits, including the Eighth,[1] follow the Supreme Court's *Graham* "objective reasonableness" analysis in determining Fourth Amendment violations.  Plaintiff has demonstrated a seizure occurred and that Defendant's conduct was objectively unreasonable.[2] The alleged facts make out a violation of a constitutional right and the right violated was clearly established at the time of the misconduct. Qualified immunity shields from civil liability "all but the plainly incompetent or those who knowingly violate the law."[3]  As shown by Plaintiff's pleadings, Defendant was, at the very least, plainly incompetent.  Defendant's Motion should be denied.

### ARGUMENT

**I.     PLAINTIFF WAS SEIZED BY DEFENDANT.**

---
[1] *See Speight v. Griggs*, 13 F.Supp.3d 1298, 1309-1321 (N.D. Ga. 2013).
[2] *See Plaintiff's* Suggestions in Opposition (Doc. 25).
[3] *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Police "seize" a person by restraining their freedom of movement by means of physical force or a show of authority.[4] The Fourth Amendment's prohibition against unreasonable seizures includes the right to be free from law enforcement officers using excessive force in effectuating an arrest.[5] In *Tennessee v. Garner*, the Supreme Court held that there is no question that apprehension by the use of deadly force is a seizure subject to the "reasonableness" requirement of the Fourth Amendment.[6]

The Supreme Court stated in *Graham v. Connor* that the Fourth Amendment provides protection against excessive force to individuals in the course of an arrest, and that such protection lasts at least until "the point at which the arrest ends and pretrial detention begins."[7] In solidifying *Garner*, the *Graham* Court explained that the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances, without regard to their underlying intention.[8]

By virtue of her conduct leading up to the shooting – including placing her handcuffs upon Plaintiff's wrist – and the shooting itself, Defendant seized Plaintiff, making her actions subject to the Fourth Amendment's reasonableness requirement.

## II. IT IS CLEARLY ESTABLISHED THAT AN ACCIDENTAL FIREARM DISCHARGE RESULTING IN AN UNINTENTIONAL SHOOTING DURING THE COURSE OF AN ARREST CONSTITUTES EXCESSIVE FORCE UNDER THE FOURTH AMENDMENT IF THE OFFICER'S COURSE OF CONDUCT PRECEDING THE SHOOTING IS UNREASONABLE UNDER THE CIRCUMSTANCES.

The Supreme Court has explicitly held that all claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest should be

---

[4] *United States v. Mendenhall*, 446 U.S. 544, 553 (1980).
[5] *Graham v. Connor*, 490 U.S. 386, 388 (1989).
[6] 471 U.S. 1, 5 (1985)
[7] *Graham* at 395.
[8] *Id.* at 388.

analyzed under the Fourth Amendment and its "reasonableness" standard.[9]  As such, Defendant's reliance on *Brower v. County of Inyo* is misplaced, especially given – as Defendant concedes – that the Supreme Court itself cautioned against a too finely drawn reading of "means intentionally applied."[10, 11]  The *Brower* Court was also careful to point out that the circumstances surrounding the seizure "may yet determine the outcome" of that case.[12]  A Court must look to the officer's conduct leading up to and including the use of excessive force in determining objective reasonableness.

Furthermore, *Graham* was decided post-*Brower*.  As explicitly noted by the Eighth Circuit in *Sorensen v. McLaughlin*, the Supreme Court in *Graham* did not indicate that its holding excluded accidental shootings.[13]  Simply put, the *Graham* objective reasonableness standard governs Fourth Amendment allegations of excessive force.[14]

**A. Eighth Circuit precedent clearly establishes the constitutional right violated.**

In *McCoy v. City of Monticello*, without considering if the shooting itself constituted a seizure, the court looked to the defendant officer's preceding conduct to find that he intended to stop the plaintiff's vehicle.[15]  *McCoy* considered the defendant's conduct during the traffic stop and "display of force" separately.[16]  The Court reasoned the relevant inquiry was not the reasonableness of firing the gun, but whether drawing his gun was objectively reasonable under the totality of the circumstances.[17]

---

[9] Id. at 396 (1989).
[10] *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).
[11] *See also Scott v. Harris*, 550 U.S. 372, 384 (2007)(stating the "only question in *Brower* was whether a police roadblock constituted a seizure under the Fourth Amendment.").
[12] *Brower* at 599 (emphasis added).
[13] *Sorensen v. McLaughlin*, 2011 U.S. Dist. LEXIS 56017, *10 (D. Minn. 2011).
[14] *See also Pleasant v. Zamieski*, 895 F.2d 272 (6th Cir. 1990)(holding that *Graham*'s objective standard applies without regard to the officer's underlying intent or motivation.)
[15] *McCoy v. City of Monticello*, 342 F.3d 842, 847(8th Cir. 2003).
[16] *Id.* at 848.
[17] *Id.*

In *Sorensen*, the officer argued that qualified immunity applies in an accidental shooting.[18] The Eighth Circuit summarily rejected that argument, pursuant to *Graham*. In determining whether the officer's actions were sufficiently intentional to come under Fourth Amendment scrutiny, the court looked to the officer drawing his weapon; the officer pointing the gun at the plaintiff; and the officer continuing to point the weapon at the plaintiff when he shot him in the back.[19]

The *Sorenson* court also raised a noteworthy issue that is relevant to this case: a reasonable factfinder could conclude that the shooting was not an accident, despite the officer's insistence that it was.[20] In that case, the Court denied summary judgment to defendant based on the fact that the officer was holding his gun; the officer pointed his gun at the plaintiff; that he placed his finger inside the trigger guard; and the trigger pull required at least nine pounds of pressure to fire.[21] Furthermore, the *Sorensen* officer did not characterize the shooting as accidental until he had a chance to speak to counsel and was subsequently interviewed by law enforcement.[22] The court stated,

> "the Court cannot find as a matter of law that no constitutional violation occurred in these circumstances. To conclude otherwise would allow officers to escape liability by claiming that unreasonable conduct was accidental. The word 'accident' is not a talisman for releasing an officer from liability."[23],[24]

Like the *Sorensen* officer, here Defendant claimed the shooting was accidental five days after the shooting, after consulting with counsel. Defendant initially invoked

---

[18] *Id.* at *9.
[19] *Id.* at *13.
[20] *Id.* at *14-15.
[21] *Id.* at *15.
[22] *Id.*
[23] *Id.* at *19.
[24] *See also Speight v. Griggs*, 13 F. Supp.3d 1298, 1320 (N.D.Ga. 2013)(stating "the mere proclamation by the officer regarding his lack of intent to injure the plaintiff does not control by itself. Thus, limiting the Fourth Amendment analysis to the shooting alone affords too narrow a view of the scope of the Fourth Amendment's protections against the use of excessive force during the course of an arrest by looking only at the end result.").

her Fifth Amendment right against self-incrimination.  At the scene, Defendant did not say that she meant to utilize her Taser and mistakenly used her Glock.  Defendant did not make any statement to law enforcement or Plaintiff as to how or why Plaintiff was shot until a controlled interview, with counsel present.  It is reasonable to infer that Defendant claiming the shooting to be an accident is simply an attempt to avoid liability.

It is important to note that law enforcement officers can still be on notice that their conduct violates established law even in novel factual circumstances.[25]  As explained in Plaintiff's Suggestions in Opposition (Doc. 25), this is not a novel factual circumstance.  Plaintiff referred extensively to *Henry* due to the nearly precise factual similarities to this case.  Despite being in a different Circuit, the analysis is the same.

A plaintiff can establish the existence of a clearly established constitutional right by: (1) pointing to a closely analogous case that established a right to be free from the kind of force used on her, or (2) showing that the force was so plainly excessive that, as an objective matter, the officer would have been on notice that she was violating the Fourth Amendment.[26]  Plaintiff has established a clearly established constitutional right under both tests by (1) pointing to a directly analogous case in *Henry* and providing guidance from the Eighth Circuit, and (2) pleading that any reasonable officer would have known Defendant's conduct and actions were violations of the Fourth Amendment.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss and for any such other relief deemed just and proper.  Alternatively, Plaintiff respectfully requests leave to amend her Petition.  Given the early stage of litigation, Defendant will not be prejudiced by such an amendment.

---

[25] *Stamps v. Town of Framingham*, No. 12-11908-FDS, 2014 U.S. Dist. LEXIS 177455, *24 (December 26, 2014)(citing *Johnson v. City of Milwaukee*, 41 F.Supp.2d 917, 930 (E.D. WI 1999).
[26] *Johnson v. City of Milwaukee*, 41 F.Supp.2d 917, 929 (E.D. WI 1999).

**HOLLAND INJURY LAW, LLC**

  **/s/ *John H. Moffitt, III*            **
**WILLIAM KING HOLLAND MO40399**
**wholland@whollandinjurylaw.com**
**JOHN H. MOFFITT, III  MO66091**
**jmoffitt@whollandinjurylaw.com**
**130 S. BEMISTON AVE., STE. 706**
**CLAYTON, MO 63105**
**(314) 888-7888 – Office**
**(314) 833-3995 – Fax**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Clerk of the Court to be served by the operation of the Court's electronic filing system on this 9th day of March, 2020 to:

Peter J. Dunne
Robert T. Plunkert
100 South Fourth Street, Suite 400
Saint Louis, Missouri 63102
dunne@pspclaw.com
plunkert@pspclaw.com
*Attorneys for Defendant Julia Crews, individually*

D. Keith Henson
165 North Meramec Avenue, Suite 110
Saint Louis, Missouri 63105
khenson@pcblawfirm.com
*Attorney for Defendant City of Ladue, Missouri and Ken Andresky, individually*

  /s/ *John H. Moffitt, III*