UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 4:19-cv-03197-RLW |
| | ) |
| CITY OF LADUE, MISSOURI, | ) |
| | ) |
| JULIA CREWS, and | ) |
| | ) |
| KEN ANDRESKI, | ) |
| | ) |
| Defendants. | ) |

# *DEFENDANT JULIA CREWS' SUPPLEMENTAL REPLY TO SUPPORT HER MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT*

COMES NOW, Defendant, Julia Crews ("Defendant"), in her individual capacity, and submits this Supplemental Reply to Support her Motion to Dismiss Plaintiff's First Amended Complaint to address the *Sorenson* case addressed by Plaintiff for the first time in her sur-reply brief (Doc. 31).

In her motion, Defendant showed that Plaintiff has not alleged facts that are sufficient to overcome Defendant's qualified immunity based on a "seizure" having occurred within the meaning of the Fourth Amendment. In support, Defendant explained that a seizure requires the termination of one's freedom of movement by means *intentionally* applied, whereas here Plaintiff alleges that Defendant *mistakenly* discharged her firearm, believing she was deploying her Taser. *See Brower v. County of Inyo*, 489 U.S. 593, 599 (1989). At a minimum, it is not

{02313708.DOCX;1}

"clearly established" in the Eighth Circuit that a seizure occurred under the facts alleged by Plaintiff, [1] requiring dismissal under the qualified immunity analysis.

In her response brief, Plaintiff relied exclusively on a Fourth Circuit case to contend that whether Defendant acted reasonably in mistaking her firearm for her Taser presents a Fourth Amendment claim under a "knew or should have known" standard that applied under common law tort principles.  *See* Doc. 25, pp. 2–8 (*citing Henry v. Purcell*, 652 F.3d 524 (4th Cir. 2011). After Defendant filed her reply brief that pointed out the deficiencies in Plaintiff's response, Plaintiff then filed a sur-reply brief citing an *unpublished* decision by a district judge in Minnesota who allowed a claim to proceed where the officer discharged a firearm that he intentionally in his hand that he was using to strike the suspect. *Sorensen v. McLaughlin*, 2011 WL 1990143 (D. Minn. 2011). The fact pattern in *Sorenson* is identical to the hypothetical in *Brower* that a seizure occurs were one "has been stopped by the accidental discharge of a gun with which he was meant only to bludgeoned, or by a bullet in the heart that was meant only for the leg." *Brower*, 489 U.S. at 598. As the Supreme Court explained, it is "enough for a seizure that the person be stopped by the very instrumentality set in motion or put in place *in order to achieve that result*." *Id*. at 599 (emphasis added).

In sharp contrast, Defendant did not intentionally use a firearm "to achieve that result" but mistakenly believed she was holding a Taser. As the Eighth Circuit has indicated, such "[n]egligence, in fact, has been explicitly rejected as a basis for liability under the Fourth Amendment." *McCoy v. City of Montgomery*, 342 F.3d 842, 847, n.3 (8th Cir. 2003)[2] (quoting

---

[1] In her sur-reply, Plaintiff seeks to distance herself from her allegations that Defendant mistakenly believed she was holding a Taser, by suggesting instead that Defendant may have intended to shoot Plaintiff with her firearm.  Such speculation in a legal brief has no relevance to the sufficiency of the facts alleged in the complaint for purposes of resolving a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must contain "facts to state a claim for relief that is plausible *on its face*.") (emphasis added).

[2] *McCoy* is similarly distinguishable as the suspect "exited his truck and raised his hands above his head, thereby establishing a seizure." *Id*. at 847.   Here, Plaintiff's First Amended Complaint contained no such allegation.

{02313708.DOCX;1}

*Dodd v. City of Norwich*, 827 F.2d 1, 7-8 (2d Cir. 1987)). *Sorenson* adds nothing to the analysis and, as an unpublished district court opinion from out of state, can hardly be said to "clearly establish" the law for qualified immunity purposes. *See also Conner v. Rodriguez*, 891 F. Supp. 2d 1228, 1239 (D.N.M. 2011) ("if there is any weight of authority, it appears still to lean in the opposite direction: that unintentional negligent conduct cannot establish a Fourth Amendment claim.").

WHEREFORE, Defendant's respectfully request that this Court enter an Order granting Defendant's Motion to Dismiss, and for such further relief this Court deems just and proper.

>
> /s/ Robert T. Plunkert
> Peter J. Dunne   #31482MO
> Robert T. Plunkert   #62064MO
> PITZER SNODGRASS, P.C.
> Attorneys for Defendant Julia Crews in her individual capacity, only
> 100 South Fourth Street, Suite 400
> St. Louis, Missouri  63102-1821
> (314) 421-5545
> (314) 421-3144 (Fax)
> Email:  dunne@pspclaw.com
> Email:  plunkert@pspclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following or U.S. mail for parties not registered with CM/ECF, on this 13th day of March, 2020:

William King Holland
wholland@whollandinjurylaw.com
John H. Moffit, III
jmoffitt@whollandinjurylaw.com
130 S. Bemiston Ave., Ste. 706
Clayton, MO 63105
*Attorney for Plaintiff*

Talmage E. Newton, IV
tnewton@newtonbarth.com
555 Washington Ave., Ste. 420
St. Louis, Missouri 63101
*Attorney for Plaintiff*

>
> /s/ Robert T. Plunkert